WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Patrick J. Zotika,

    Plaintiff,

v.

Charles L. Ryan et al.,

    Defendants.

No. CV-16-8297-PCT-SMM (DKD)

**ORDER**

Pending before the Court are the following motions:

1. Defendants' Expedited Motion to Quash Plaintiff's Subpoena to DPS (Doc. 61);
2. Plaintiff's Motion for Copy of Docket History (Doc. 68);
3. Plaintiff's Motion for Extension of Time to File Response (Doc. 70);
4. Plaintiff's Motion to Compel Production and Renewed Request for Order of Protection (Doc. 71);
5. Plaintiff's Motion for Extension of Time to File Response (Doc. 73);
6. Plaintiff's Motion and Request for Court to Order Defense Counsel to Effect Service on Defendant Shahana Fredrick (Doc. 75);
7. Defendants' Second Motion to Quash Subpoena to COIII McNamer (Doc. 82);
8. Plaintiff's Renewed Appointment of Counsel (Doc. 83);

9. Plaintiff's Motion for Extension of Time to File a Separate Statement of Facts in Opposition for Summary Judgment (Doc. 86); and

10. Plaintiff's Renewed Motion for Extension of Time (Doc. 89).

Motion to Quash

Defendants are requesting that the Court quash Plaintiff's subpoenas which were filed November 20, 2017 and February 28, 2018 (Docs. 45, 61, 76, 82). The Court notes that discovery in this matter was stayed pending the resolution of Defendants' Motion for Summary Judgment (Doc. 55). Because discovery has been stayed, the Court will deny the motions to quash as moot and without prejudice so that they can be refiled if appropriate when the stay is lifted.

Request for Copy

Plaintiff's Motion is a "discovery request" addressed to the Court, by which Plaintiff seeks to have the Court provide a copy of the case docket report. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . ." *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (*per curiam*) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes the Court to pay for service of process on behalf of an indigent litigant and, in certain cases, to pay the costs of printing the record on appeal and preparing a transcript of proceedings, but the statute does not authorize the Court to pay the costs for an indigent litigant's general copy requests. *See In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (28 U.S.C. § 1915 "does not give the litigant a right to have documents copied and returned to him at government expense"); *Turner v. Daniels*, No. CV 14-1188-PHX-SMM (JZB), 2015 WL 160055 at *3 (D. Ariz. Jan. 13, 2015); *cf. Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (Section 1915 does not authorize the district courts to waive payment of fees or expenses for witnesses) (citation omitted). Therefore, Plaintiff's motion will be denied.

### Extension of Time

Also pending is Plaintiff's Motion for Extension of Time to File a Response to Defendant's Second Motion to Quash Subpoena (Doc. 70). On January 15, 2018, Defendants filed a Motion to Quash Plaintiff's Subpoenas (Doc. 66). The Court notes that the motion filed in this case number was incorrectly filed and it appears that Plaintiff intended it to be filed under a different case number. The Motion filed at Document 66 has been vacated. Accordingly, Plaintiff's motion will be denied as unnecessary.

In his second motion for extension, Plaintiff is again requesting an extension of time to respond to the Motion for Summary Judgment and Motion to Quash (Doc. 73). Plaintiff sought to extend the deadline to March 12, 2018. On February 20, 2018, Plaintiff filed his objection to the Motion to Quash (Doc. 80). Defendants replied on February 23, 2018 (Doc. 81). Moreover, on March 7, 2018, Plaintiff filed his response to Defendants' Motion for Summary Judgment. Accordingly, Plaintiff's request will be granted and his response is considered timely filed.

### Motion to Compel

Plaintiff's motion to compel appears to be another discovery request by Plaintiff (Docs. 45, 71). Defendants oppose Plaintiff's request (Doc. 78). The Court has stayed discovery pending resolution of the Motion for Summary Judgment. Accordingly, Plaintiff's motion will be denied as moot and without prejudice so that it can be refiled if appropriate when the stay is lifted.

### Effect Service

Plaintiff is requesting the assistance of the Court in directing that defense counsel effect service of Defendant Fredrick. In their response, Defendants state "[d]efense counsel has obtained additional contact information for Defendant Fredrick. Defense counsel will timely notify the Court and Plaintiff if Defendant Fredrick agrees to waive service of Plaintiff's Complaint" (Doc. 79). It appears that this matter has been addressed by Defendants. Defendants will be required to file a Notice with the Court no later than 14 days from the date of this order indicating whether service has been effected.

Appointment of Counsel

Plaintiff is again requesting that the court appoint counsel because he lacks legal training, cannot afford counsel, because of his mental health disability, and because the issues in this matter are complex.

There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff has again failed to demonstrate a likelihood of success on the merits, and has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Moreover, Plaintiff's numerous filings with the Court as well as the pending motion, indicate that Plaintiff is capable of presenting legal and factual arguments to the Court. After reviewing the file, the Court determines that this case does not present exceptional circumstances requiring the appointment of counsel. Accordingly, Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** denying Defendants' Expedited Motion to Quash Plaintiff's Subpoena to DPS (Doc. 61) and Second Motion to Quash Subpoena to COIII McNamer (Doc. 82), as moot and without prejudice to refiling if appropriate.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Copy of Docket History (Doc. 68).

**IT IS FURTHER ORDERED** granting Plaintiff's Motions for Extension of Time to File Response (Docs. 70, 73). Plaintiff's response (Doc. 84) will be filed as timely.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel Production and Renewed Request for Order of Protection (Doc. 71), as moot and without prejudice to refiling if appropriate.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion and Request for Court to Order Defense Counsel to Effect Service on Defendant Shahana Fredrick (Doc. 75). Defendants shall filed a Notice with the Court no later than 14 days from the date of this order indicating whether service has been effected on Defendant Fredrick.

**IT IS FURTHER ORDERED** denying Plaintiff's Renewed Appointment of Counsel (Doc. 83).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Extension of Time to File a Separate Statement of Facts in Opposition for Summary Judgment (Doc. 86) and his Renewed Motion for Extension of Time (Doc. 89). Plaintiff's Separate Statement of Facts shall be filed no later than April 16, 2018. Defendants shall have an additional 15 days from the date Plaintiff's controverting statement of facts is filed on the Court's docket to prepare a supplemental Reply.

Dated this 29th day of March, 2018.

_____
David K. Duncan
United States Magistrate Judge